In re Sharla BATES, Debtor.

Sharla BATES, Plaintiff,

v.

TWO RIVERS CONSTRUCTION, a California corporation, Defendant.

TWO RIVERS CONSTRUCTION, a California corporation, Plaintiff,

v.

Sharla BATES, Mary Patterson and John Doe, Trustee, Defendants.

Bankruptcy Nos. 283–1061, 283–0418 and 283–00540–D–7.

United States Bankruptcy Court, E.D. California.

July 28, 1983.

John V. Powell, Sacramento, Cal., for Sharla Bates.

Steven R. Matulich, Sacramento, Cal., for Two Rivers.

## MEMORANDUM OPINION DECISION AND ORDER

LOREN S. DAHL, Bankruptcy Judge.

### FACTS

In 1982, Plaintiff, Sharla Bates, found herself falling behind in her payments on a $9,000.00 debt secured by a deed of trust on her residence. On December 1, 1982, Two Rivers Construction (Two Rivers), the Defendant herein, purchased Bates' residence at a Trustee's sale for $2,200.00. Bates filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code on February 9, 1983. Bates is now petitioning this Court to set aside the December 1, 1982 sale pursuant to 11 U.S.C. § 548(a)(2).

### ISSUES

1. Is the purchase of property at a Trustee's sale a "transfer" for purposes of the Bankruptcy Code?
2. Did Two Rivers give "reasonably equivalent value" in exchange for Bates' property?

### ANALYSIS

■ Issue 1: 11 U.S.C. § 101(40) provides a sweeping definition of the word "transfer" for use in the Bankruptcy Code. The definition states in part: "...every mode, direct or indirect...voluntary or involuntary, of disposing of or parting with property..." 11 U.S.C. § 101(40). In addition to this definition, the intent of Congress was to make the definition of transfer "as broad as possible." H.R.Rep. No. 595, 95th Cong., 1st Sess. 3/4 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787. In light of these facts, the Court finds no difficulty in concluding that the purchase of property at a Trustee's sale under California Civil Code section 2924 et seq., is a "transfer" as defined in the United States Bankruptcy Code.

Issue 2: Whether the sale to Two Rivers constituted a fraudulent conveyance as contemplated by 11 U.S.C. § 548(a)(2)(A) and (B)(i) involves a two-prong analysis. First, the consideration given by Two Rivers must amount to "less than reasonably equivalent value" and, second, the transfer must have rendered Bates "insolvent." "If these two tests are answered in the affirmative, there is a conclusive presumption of fraud, any intent to the contrary notwithstanding." *In Re Missionary Baptist Foundation of America,* 24 B.R. 973 (Bkrtcy.1982).

■ Whether a transfer is for "reasonably equivalent value" is largely a question of fact. It is clear that "reasonably equivalent value" is a carry over from 67(d)(1) of the Bankruptcy Act, and therefore the Code requirement of "reasonably equivalent value" carries the same meaning as "fair consideration." Interpretations of "fair consideration" under the Act found that it was "no slight standard and actually has a stricter connotation than good or valuable consideration." *Cole v. Loma Plastics,* 112 F.Supp. 138, 141 (5th Cir.1953). The Court easily finds that the transfer of Bates' property, worth approximately $45,000.00, for a mere $2,200.00 is within the ambit of 548(a)(2)(A) and is not "reasonably equivalent value."

The Court also finds little difficulty in concluding that the sale to Two Rivers rendered Bates insolvent since the residence was her only major asset and she filed for

relief under Chapter 7 forthwith. Two Rivers contends that, under California state law, mere inadequacy of consideration is not sufficient grounds to set aside the sale. Although Two Rivers urges the Court to decide the case pursuant to state law, the Court is satisfied that the Bankruptcy Code preempts state law under these circumstances. However, if the Court did choose to use state law, it would easily reach the same finding under California Civil Code section 1695.13 which provides: "it is unlawful for any person to initiate, enter into, negotiate, or consummate any transaction involving residential real property in foreclosure, as defined in 1695.1, if such person, by the terms of such transaction, takes unconscionable advantage of the property owner in foreclosure."

## CONCLUSION

The Court finds that the December 1, 1982 transfer of property located at 5630 Madison Avenue # 2, Sacramento, California, to Two Rivers should be set aside pursuant to 11 U.S.C. § 548(a)(2)(A) and (B)(i) since the sale was a transfer within one year of Bates filing bankruptcy, Two Rivers did not give reasonably equivalent value and the transfer rendered Bates insolvent.

Pursuant to the Court's general equitable powers and in order to give Bates a "fresh start" it is the Court's intention to impress a lien on the subject property for $2,200.00 in favor of Two Rivers. The Court hereby orders Bates to submit a Declaration, under penalty of perjury, sending a copy to counsel for Two Rivers, disclosing all revenues and expenses, assets and liabilities within 15 days of the date of this Memorandum Opinion Decision and Order. The Court will then make an order regarding time and manner of payment of the aforesaid lien and hearing thereon is set for August 29, 1983, at 2:00 p.m.

This Memorandum Opinion Decision and Order shall constitute findings of fact and conclusions of law.